UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORY LICENSING LLC, | Civil Action No. 09-6261 (FSH)(MAS) |
| Plaintiff, | |
| v. | |
| SEARS HOLDING CORPORATION, | ORDER |
| Defendant. | |

This matter having been brought before the Court by Douglas Weider, Esq., attorney for Defendant Sears Holdings Corporation, on application for an Order allowing Scott Bornstein, Esq., to appear and participate pro hac vice; and the Court having considered the moving papers; and there being no opposition to this motion; and this matter being considered pursuant to FED.R.CIV.P. 78, and for good cause shown;

IT IS on this 5th day of May, 2010,

ORDERED that Scott Bornstein, Esq., a member of the Bar of the State of New York, the United States District Court for the Eastern, Western, Northern and Southern Districts of New York and the U.S. Court of Appeals, Federal Circuit, as well as the United States District Court for the Eastern District of Michigan, be permitted to appear pro hac vice in the above-captioned matter pursuant to L.CIV.R. 101.1(c);

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Greenberg Traurig, LLP, attorneys of record for Defendant Sears Holdings Corporation, who is admitted to the Bar of this Court and shall be

held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby;

ORDERED that Scott Bornstein, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order;

ORDERED that Scott Bornstein, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order;

ORDERED that Scott Bornstein, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, Judicial Ethics and Professional Responsibility, and L.Civ.R. 104.1, Discipline of Attorneys; and it is further

ORDERED that Scott Bornstein, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

 s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE